NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC., a South Dakota Corporation<br><br>*Plaintiff*,<br><br>v.<br><br>MAARUTI, LLC, an Oklahoma Limited Liability Company; KISHOR KEVAL, an individual; and ASHA KEVAL, an individual<br><br>*Defendants*. | Civil No.: 19-cv-00302 (KSH)(CLW)<br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**I. Introduction**

This matter comes before the Court on the unopposed motion (D.E. 14) of plaintiff Super 8 Worldwide, Inc. ("SWI") for default judgment against entity defendant Maaruti, LLC ("Maaruti"), and individual defendants Kishor Keval ("K. Keval") and Asha Keval ("A. Keval) ("individual defendants" or the "Kevals," and with Maaruti, "defendants"). SWI alleges that Maaruti breached a franchise agreement governing the operation of a Super 8® hotel and that the individual defendants breached their guaranties of that agreement. For the reasons stated below, SWI's motion is granted.

## II. Background

On September 4, 2009, SWI entered into a franchise agreement (the "agreement") with Maaruti for the operation of a 41-room Super 8® guest lodging facility (the "facility") located in McAlester, Oklahoma. (D.E. 1 ("Compl.") ¶ 11.)

The agreement called for Maaruti to, among other obligations, operate the facility for a 20-year term, pay various fees (called "Recurring Fees") throughout the life of the agreement, keep accurate books and records, submit monthly reports, and pay interest on past due amounts. (*Id.* ¶¶ 12-15). SWI could terminate the agreement, with notice to Maaruti, if Maaruti stopped operating the facility as a Super 8® guest lodging facility, in which event Maarui would be liable for liquidated damages to SWI in accordance with the formula specified by the agreement: the lesser of (i) $25,000.00 or (ii) the total amount of Recurring Fees generated at the facility during the one-year period immediately before the date of termination. (*Id.* ¶¶ 17-20.)

Effective the same date as the agreement, individual defendants K. Keval and A. Keval provided SWI with guaranties of Maaruti's obligations under the agreement, whereby they agreed that, upon default under the agreement, they would "immediately make each payment and perform or cause [Maaruti] to perform, each unpaid or unperformed obligation of [Maaruti] under the [a]greement." (*Id.* ¶¶ 22-23; D.E. 14, Exs. B-C.)

On or around June 29, 2018, Maaruti sold the facility to a third party without the prior written consent of SWI, thereby "unilaterally terminating" the agreement.[1] (Compl. ¶ 25.) In a September 26, 2018 letter, SWI noticed defendants of this termination and outlined Maaruti's post-termination obligations under the franchise agreement. (Fenimore Affidavit, Ex. C). In this letter, SWI demanded $12,153.71 in liquidated damages, estimated that SWI owed $75,395.32 in Recurring Fees, and instructed Maaruti to "consider th[e] letter to be a notice and demand for payment under any Guaranty of the Agreement, directed to your Guarantor." (*Id.*)

On January 9, 2019, SWI sued Maaruti and the individual defendants, invoking federal diversity jurisdiction and asserting claims for an accounting of Maaruti's revenue from inception through the termination of the franchise agreement (count 1, against Maaruti); breach of contract for Maaruti's failure to pay liquidated damages in the amount of $12, 153.71 upon its termination of the franchise agreement (count 2, against Maaruti); in the alternative to count two, breach of contract, seeking actual damages for premature termination of the agreement (count 3, against Maaruti);

---

[1] On a motion for default judgment, "defendants are deemed to have admitted the factual allegations of the [c]omplaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013) (Rodriguez, J.). The Court therefore recites the facts as SWI has alleged them. However, the Court notes that, "unilateral termination" cannot occur under the terms of the agreement. Rather, after Maaruti sold its facility to a third party without written consent, it would have been SWI's prerogative to terminate the agreement. *See* Agreement, § 9. "[N]o discernible provision of the contract indicates that [defendant's] action constituted automatic 'unilateral termination.'" *Ramada Worldwide Inc. v. Khan Hotels LLC*, 2017 WL 187384, at *2, FN 2 (D.N.J. Jan. 17, 2017) (McNulty, J.), *amended*, 2017 WL 2831168 (D.N.J. June 30, 2017).

3

breach of contract, for Maaruti's failure to remit Recurring Fees (count 4, against Maaruti's); unjust enrichment, also for Maaruti's failure to remit Recurring Fees (count 5, against Maaruti); and breach of the guaranty agreements (count 6, against the individual defendants). (Compl. ¶¶ 27-54.)

After being served the complaint, defendants failed to answer, move, or otherwise respond. SWI requested entry of default on May 14, 2019 and the clerk's office entered it two days later. (D.E. 9). On August 23, 2019, SWI filed this motion for default judgment. (D.E. 14.) In support, SWI submitted a certification of counsel (D.E. 14), and the Affidavit of Suzanne Fenimore, the Senior Director of Contracts Compliance for SWI (D.E. 14 ("Fenimore Affidavit").) SWI initially sought a judgment in the amount of $100,353.46, representing $14,633.57 in liquidated damages (comprising principal plus prejudgment interest) and $85,719.89 in Recurring Fees (purportedly representing principal plus prejudgment interest).

On January 17, 2020, the Court issued an Order to Show Cause, which directed SWI to clarify how it reached (a) the amount of liquidated damages it seeks and (b) the amount of Recurring Fees it requests and the interest it claims is due thereon. (D.E. 15.) On February 13, 2020, SWI filed a supplemental affidavit signed by Robert Spence, Senior Director of Financial Services for SWI, in which it withdrew its request for liquidated damages and explained its calculation of Recurring Fees, inclusive of interest. (D.E. 19 ("Spence Affidavit").) As revised, SWI seeks only the $85,719.89 in Recurring

4

Fees, representing (a) $60,030.27 in principal accruing from October 31, 2015 to June 28, 2018, (b) $25,689.62 in tax and interest

## III. **Legal Standard**

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. The "entry of default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). In *Chanel, Inc. v. Gordashevsky*, Judge Kugler cited to Third Circuit precedent and wrote the authoritative opinion relied upon in this District, stating that in ruling on a motion for default judgment, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and, further, the Court must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008) (citations omitted); *see also Comodyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d

Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendants were properly served. *See Baymont Franchise Sys., Inc. v. Shree Hanuman, Inc.*, 2015 WL 1472334, at *2, 3 (D.N.J. Mar. 30, 2015) (McNulty, J.) (citing *Gold Kist, Inc v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18-19 (3d Cir. 1985)).

## IV. <u>Analysis</u>

### A. Jurisdiction and Service

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. A party establishes subject matter jurisdiction by way of diversity jurisdiction by showing that there is "complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010) (citing 28 U.S.C. § 1332). For purposes of diversity jurisdiction "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). And with respect to the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," and the plaintiff only fails to meet the requirement if it "appear[s] to a legal certainty that the claim is really for less than the jurisdiction amount[.]" *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 385 (3d Cir. 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

Here, SWI is a South Dakota corporation with its principal place of business in Parsippany, New Jersey. (Compl. ¶ 1.) SWI is therefore citizen of both South Dakota

and New Jersey for purposes of diversity jurisdiction. Maaruti is a limited liability company organized under Oklahoma law, whose principal place of business is in McAlester, Oklahoma. (*Id.* ¶ 2.) Maaruti is therefore a citizen of Oklahoma. Both K. Keval and A. Keval reside in McAlester, Oklahoma and are therefore also citizens of Oklahoma. Damages are alleged in excess of $75,000. (*Id.* ¶¶ 38, 46, 50, 54.) Accordingly, the Court has diversity jurisdiction because SWI and defendants are citizens of different states and the amount in controversy exceeds the statutory threshold.

### ii. Personal Jurisdiction

The Court also has personal jurisdiction over defendants. A "contractual consent to personal jurisdiction should be enforced unless it would be unreasonable or unjust to do so." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 373 (D.N.J. 2000) (Wolin, J.) (citing *Burger King Corp. v. Rudzewicz*, 441 U.S. 462, 472 n.14 (1985)); *see also Coyle v. Mathai,* , 2011 WL 5828522, at *4 (D.N.J. Nov. 18, 2011) (Irenas, J.) ("Personal jurisdiction is a right that can be waived by agreeing in advance to submit to the jurisdiction of a given court pursuant to a contract with a forum selection clause."). Here, section 17.6.3 of the agreement provides that Maaruti "consent[s] and waive[s] [its] objections to the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey for all cases and controversies under this [a]greement." (Compl. ¶ 8; Ex. A § 17.6.3.) In addition, the Kevals each signed a guaranty that "acknowledge[s] that [s]ection 17 of the [a]greement,

7

including Remedies, Venue, and Dispute Resolution…applies to this Guaranty." (Compl. ¶ 9; Exs. B-C.) There is no reason that the Court should disregard these consents to personal jurisdiction, which have been agreed to by the parties. Accordingly, the Court has personal jurisdiction over Maaruti and the Kevals.

### iii. Sufficiency of Proof of Service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *2 (Simandle, J.) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)). Maaruti, a limited liability corporation, may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). The Kevals may be served by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." *Id.* 4(e)(2)(B).

Here, Maaruti and the Kevals were properly served. All documents were given to K. Keval on February 19, 2019. (D.E. 5-7). Maaruti was served under Rule 4(h) by personal service on K. Keval, a registered agent of Maaruti. (D.E. 5, 7.) K. Keval was properly served as an individual under 4(e) by personal service (D.E. 5.) A. Keval is alleged to reside in the same dwelling as K. Keval, and is also a member of Maaruti. Therefore, K. Keval properly accepted service on her behalf. (D.E. 7.)

**B. Sufficiency of Causes of Action and Damages**

Next, the Court must assess whether the complaint states a legitimate cause of action. SWI has stated a claim for breach of contract against Maaruti and the individual defendants for breaching the franchise agreement and guaranties, respectively, and no meritorious defense is evident from the record. To state a claim for breach of contract under New Jersey law, a plaintiff must establish that (1) a valid contract exists between the parties, (2) the defendant failed to perform its obligations under that contract, and (3) the plaintiff suffered damages as a result. *Murphy v. Implicito*, 392 N.J. Super 245, 265 (App. Div. 2007); *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Here, accepting SWI's factual allegations as true, defendants have valid contracts—the franchise agreement and guaranties—with SWI to, among other obligations, operate a SWI hotel for 20 years and remit various fees throughout the life of the agreement. As demonstrated in the Fenimore Affidavit, Maaruti breached these agreements by prematurely ceasing to operate a Super 8® hotel and failing to remit the required fees. The individual defendants failed to render performance in Maaruti's stead after it defaulted. These breaches caused SWI damages. Accordingly, SWI has stated a claim in counts 4 and 6.[2]

---

[2] SWI is not seeking judgment or relief on its claims for an accounting (count 1), actual damages (count 3), or unjust enrichment (count 5). SWI has also withdrawn its claim for liquidated damages (count 2). SWI only seeks Recurring Fees from Maaruti (count 4) and the individual defendants (count 6). Accordingly, the Court need not evaluate the legal sufficiency of counts 1, 2, 3, or 5, though it does note that SWI's unjust enrichment claim is fundamentally inconsistent with its contract claims and that it could not recover under both theories. *See, e.g.*, *Kumon N. Am., Inc. v. Timban*, 2014 WL 2812122, at *9-10 (D.N.J. June 23, 2014) (Kugler, J.). Additionally, SWI has not provided the court with any

The remaining factors also weigh in favor of granting the requested default judgment. Defendants' failure to appear or to file any response to the complaint has prevented SWI from prosecuting this action and obtaining relief, to its prejudice. *See Baymont*, 2015 WL 1472334, at *5; *accord Travelodge Hotels, Inc. v. Seaside Hospitality, LLC*, 2016 WL 5899281, at *4 (D.N.J. Oct. 6, 2016) (McNulty, J.). And "[a]bsent any evidence to the contrary, 'the [d]efendant's failure to answer evinces the [d]efendant's culpability'" in the default. *Travelodge*, 2016 WL 5899281, at *4 (quoting *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011)). No such evidence of a reason other than defendants' "willful negligence" is present here. *See id.*

With respect to damages, SWI now seeks only Recurring Fees totaling $85,719.89, which consists of $60,030.27 in "Billings," i.e., principal, and $25,689.62 in "Tax Amount" and "Finance Charges," i.e., interest. SWI has submitted documentary evidence, including an itemized statement of Recurring Fees that were due and the interest and other fees that accrued on them and the sworn certifications of SWI representatives setting forth the basis for the amounts sought. (*See generally* Fenimore Affidavit, Ex. D; Spence Affidavit; *see also* Compl., Ex. A § 7, Sch. C). *Accord Baymont*, 2015 WL 1472334, at *6 (relying on similar documentary evidence).

---

support for its claim for actual damages in count 3, which was plead in the alternative to count 2, which has been withdrawn.

## V. Conclusion

For the foregoing reasons, the Court will grant SWI's motion for default judgment (D.E. 14) against defendants. An appropriate order and judgment will follow.

Date: February 26, 2019

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J